IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY KERR, | ) | CASE NO. 3:15 CV 2006 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| NEIL TURNER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Jeremey Kerr for a writ of habeas corpus under 28 U.S.C.

§ 2254.[2]  Kerr was convicted by a Wood County Court of Common Pleas jury in 2013 of

forgery and tampering with evidence[3] and is serving a sentence of 7 years, 8 months.[4]  He is

currently incarcerated at the North Central Correctional Institution in Marion, Ohio.[5]

In his petition, Kerr raises thirty-one grounds for habeas relief.[6] The State has filed

a return of the writ arguing that the petition should be dismissed as the grounds are either

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Christopher A. Boyko by order dated October 6, 2015. ECF # 8.

[2] ECF # 1.

[3] *Id.*

[4] *Id.*

[5] http://www.drc.state.oh.us/OffenderSearch/

[6] ECF # 1.1

procedurally defaulted, non-cognizable, or without merit.[7] Kerr has filed a traverse.[8]

For the reasons that follow, I will recommend Kerr's petition be dismissed in part and denied in part as is more fully set forth below.

# Facts

## A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[9]

Jeremy Kerr's conviction is a result of his attempt to remove judgment liens from real property he owned on Ash Street in Wood County, Ohio.[10]

In 2002, a judgment was obtained in the Bowling Green Municipal Court against Kerr and Kerr Construction for $4,445.25, plus court costs and interest, on behalf of Carter–Jones Lumber by their counsel Bradley LeBoeuf.[11] That same year, a certificate of judgment was filed in Wood County which became a lien against appellant's real property in Wood County.[12] The  lien was renewed in 2012, when the judgment was worth in excess

---

[7] ECF # 14.

[8] ECF # 15.

[9]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF 14-1, at 124.

[11] *Id*.

[12] *Id*. at 124-25.

2

of $8,000.[13]

In 2006, Larry Eibert, through his counsel, William Jennings,  obtained a judgment against Kerr in the Lucas County Court of Common Pleas for $31, 471.16.[14]  Eibert, through counsel, then filed judgment liens in both Lucas and Wood counties against any and all real property owned by Kerr in those counties.[15]

A judgment was also obtained in 2010 against Kerr and Kerr Construction by ABCO Services Inc., through their counsel, Cory Speweik, in the Bowling Green Municipal Court in the amount of $692.[16]  As a result of that judgment, a judgment lien was filed in Wood County against real property owned by Kerr.[17]

At some time prior to March 2012, Kerr contacted a real estate agent for the purpose of listing the Ash Street property for sale.[18]  Subsequently, an offer was made on the property, which Kerr accepted, and title work was initiated by Welles Bowen Title Agency on behalf of the buyer.[19] The title search revealed five judgment liens that had been filed on

---

[13] *Id*. at 125.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*.

[18] *Id*.

[19] *Id*. at 125-26.

the property, including the three listed above.[20]  Kerr was advised of the liens by his real

estate agent, Ruth Ann Kramer, and he acknowledged the liens and indicated that he was

working on getting them paid and released.[21]  Patricia Kost of Well Bowen Title Agency also

spoke to Kerr about the liens.[22]  She testified that Kerr told her that he was working with his

attorney to obtain releases of the liens.[23]

In mid-March 2012, Kerr went to the Wood County Clerk of Courts and asked to see

the liens that were recorded against him.[24]  Mary Benjamin, who worked in the clerk's office

at the time, testified that Kerr came into the office and requested to see the liens.[25]  Benjamin

pulled the list of liens and gave Kerr the case numbers associated with the judgments.[26]

On March 15, 2012,  Kost received an email from Kerr attaching copies of several

documents that purported to be releases of judgment liens in the Larry Eilert, ABCO Services

and Carter-Jones Lumber cases.[27] The purported release in the Larry Eilert case appears to

be signed by attorney William Jennings, and appears to have been notarized on March 9,

---

[20] *Id*. at 126.

[21] *Id*.

[22] *Id*.

[23] *Id*. at 125-26.

[24] *Id*. at 126.

[25] *Id.*

[26] *Id*.

[27] *Id*.

2012, although the notary's signature and seal are illegible.[28]  The purported release in the ABCO Services case appears to be signed by attorney Corey Speweik, and appears to be notarized by Danielle Hineline (aka McCarthy) on March 13, 2012.[29]  The purported release in the Carter-Jones Lumber case appears to be signed by attorney Bradley Le Boeuf, and appears to have been notarized by Karen Brueggemeier on March 14, 2012.[30]

Kost testified at trial that releases are typically recorded following the closing of a real estate sale, and so, prior to the closing, she submits copies of releases to the Wood County Clerk of Courts to ascertain whether the form, as written, is acceptable for filing.[31]  On March 19, 2012, Benjamin notified Kost that two of the three releases were proper as to form, and the originals would be acceptable for filing.[32]   Benjamin told Kost that the release in the Carter-Jones Lumber case was not acceptable, as it was not properly worded.[33]  Kost then notified Kerr that the Carter-Jones Lumber release would need to be rewritten.[34]

On March 20, 2012, Leigh Ann McKinney was working at the Huntington Bank located in Bowling Green, Wood County, Ohio.  She is a notary public and recalled Kerr

---

[28] *Id*.

[29] *Id*.

[30] *Id*.

[31] *Id*. at 126-27.

[32] *Id*. at 127.

[33] *Id*.

[34] *Id*.

entering the bank and asking her to notarize his signature on a document.[35]  McKinney stated that she always asks for identification before notarizing a document and only notarizes documents for people who are in her presence.[36]  Although she did not specifically recall the document that Kerr asked her to notarize, when shown a release purportedly signed by attorney Bradley Le Boeuf and notarized by her on March 20, 2012, she testified that although the signature is hers, she did not sign the document.[37]

On March 20, 2012, Kerr provided Kost with a rewritten release in the Carter-Jones Lumber case.[38]  That release appears to be again be signed by attorney Bradley Le Boeuf and appears to have been notarized by Leigh Ann McKinney on March 20, 2012.[39]  Kost forwarded the release to Benjamin at the clerk's office and was notified by return email that the original of the newly rewritten release would be acceptable for filing.[40]

As Kost was reviewing the final paperwork for closing on the Ash Street property she realized that there was a problem with the release in the Eilert case.[41]  Rather than contacting

---

[35] *Id*.

[36] *Id*.

[37] *Id*.

[38] *Id*.

[39] *Id*. at 127-28.

[40] *Id*. at 128.

[41] *Id*.

Kerr, Kost contacted attorney William Jennings, whose signature appeared on the release.[42]

Jennings told her that he never signed a release of lien in the Eilert case.[43]  Kost then

contacted attorneys Le Boeuf and Speweik.[44]  Le Boeuf also stated that he never signed the

release in the Carter-Jones Lumber case.[45]  Speweik did not respond to Kost's email.[46]  Kost

then notified Kramer, Kerr's real estate agent, about the releases.[47]  In response, Kramer

confronted Kerr and asked him if he forged the releases, Kerr responded "I'm not going

there."[48]

    At trial, attorneys Le Boeuf, Jennings, and Speweik all testified that the signatures on

the releases appeared to be theirs, but all three denied ever signing such releases.[49]  In

addition, they testified that Kerr would have had easy access to their signatures because of

documents filed or correspondence in the cases in which they obtained the judgments.[50]

They also each testified that Kerr never paid the judgments underlying the liens and that the

---

[42] *Id*.

[43] *Id*.

[44] *Id*.

[45] *Id*.

[46] *Id*.

[47] *Id*.

[48] *Id*.

[49] *Id*.

[50] *Id*.

form of the purported release used in each instance was not the form each of them used.[51]

Attorney Le Boeuf further testified that the releases that purport to release the judgment he obtained against Kerr on behalf of Carter-Jones Lumber are forgeries and that the effect of filing a forged release would have been to frustrate his client's ability to collect the debt owed by Kerr.[52]  Attorneys Jennings and Speweik both testified that Kerr contacted them after the purported releases were signed regarding settlement of the liens.[53]  Jennings settled on a new figure of $25,000, but Kerr never paid the agreed upon amount and Speweik told him that he would not remove the lien until the judgment was paid.[54]

At the conclusion of the state's case, Kerr moved for acquittal pursuant to Crim.R. 29.[55]  The court denied the motion and Kerr did not put on a defense.[56]  Subsequently, the jury returned verdicts of guilty on all charges and the court sentenced him to seven years, eight months.[57]

---

[51] *Id.*

[52] *Id.* at 128-29.

[53] *Id.* at 129.

[54] *Id.*

[55] *Id.*

[56] *Id.* at 130.

[57] *Id.*

**B.    Direct Appeal**

*1.    Ohio Court of Appeals*

Kerr, through counsel, filed a timely[58] notice of appeal[59] with the Ohio Court of

Appeals. In his brief, Kerr filed three assignments of error:[60]

> 1.    The trial court erred in overruling defendant-appellant's motion for judgment of acquittal where there was no evidence presented that defendant-appellant had performed or committed any element of the offenses within the territorial jurisdiction and venue of the trial court.
>
> 2.    The trial court erred in overruling defendant-appellant's motion for judgment of acquittal where there was no evidence presented that any document had been uttered by defendant-appellant.
>
> 3.    The convictions of defendant-appellant were against the manifest weight of the evidence.

The State filed a brief in response.[61] The Ohio appeals court overruled all three

assignments of error and affirmed the decision of the trial court.[62]

---

[58]   Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007).  Kerr's conviction and sentence were journalized on June 11, 2013 (*id.* at 52) and the notice of appeal was filed on July 9, 2013 *Id.* at 56.

[59] *Id.* at 56.

[60] *Id*. at 69.

[61] *Id.* at 87.

[62] *Id.* at 123.

9

On February 11, 2015, Kerr moved for leave for reconsideration[63] alleging that he was untimely in filing his motion for reconsideration because he only received a copy of the Bill of Particulars on January 23, 2015.[64]  That State opposed the leave for reconsideration.[65]  The court of appeals denied Kerr's motion for reconsideration as being untimely.[66]

## 2.    *The Supreme Court of Ohio*

Kerr, *pro se*, thereupon filed a timely[67] notice of appeal with the Ohio Supreme Court.[68]  In his brief in support of jurisdiction, he raised six propositions of law:[69]

1.    Whether that State's failure to prove the statements in the Indictment and the Bill of Particulars is a violation of Due Process Rights to a Fair Trial.

2.    Whether the Courts' acceptance that the language in R.C. 2913.31(A)(3) allows an individual to "utter" a forged writing on behalf of the accused is a violation of Due Process Rights.

---

[63] *Id*. at 139.

[64] *Id*.

[65] *Id*. at 149.

[66] *Id*. at 153.

[67] *Id*. at 155.  *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). *Id*.  Here, the appellate judgment was entered on December 12, 2014, and the notice of appeal filed in the Supreme Court on January 23, 2015.

[68] *Id*.

[69] *Id*. at 158.

10

3.      Whether the State's failure to prove the accused "made" a document with the intent of using that document in a violation of RC 2921.12 (A)(2) and/or "uttered" writing within the territorial jurisdiction of the trial court is a violation of Due Process Rights.

4.      Whether the court's acceptance that an electronic email containing an attachment constitutes the action of "uttering" in R.C. 2913.31 is a violation of Due Process Rights.

5.      Whether the State's failure to provide evidence that the accused was the person who sent an email is a violation of Due Process Rights.

6.      Whether the state's failure to prove venue is a violation of Due Process Rights.

The State opposed jurisdiction.[70] On March 27, 2013, the Supreme Court of Ohio declined to accept jurisdiction of the appeal, dismissing the case.[71]

The record does not indicate that Kerr then sought a writ of certiorari from the Supreme Court of the United States.

## C.      Petition for writ of habeas corpus

On September 28, 2015, Kerr, *pro se*, timely filed[72] a federal petition for habeas relief.[73] As noted above, he raises thirty-one grounds for relief:

---

[70] *Id*. at 189.

[71] *Id*. at 205.

[72]   The present petition for federal habeas relief was filed on September 28, 2015. (ECF # 1). This petition was filed less than one year after the Ohio Supreme Court dismissed Kerr's appeal on May 20, 2015. As such, it was filed within one year of the conclusion of Kerr's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[73] ECF # 1.

**GROUND ONE:**                Petitioner was denied his 5th, 6th, 9th and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the admittance of State Exhibits 1-E and 1-G in absence of an adequate foundation for admissibility under Evid.R. 803(6).

**GROUND TWO**:                Petitioner was denied his 5th, 6th, 9th and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the improper inference that State Exhibits 1- E and 1-G proves Petitioner composed and sent two emails to Pat Kost that contained forged release of liens.

**GROUND THREE:**                Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner "uttered" forged Release of Liens in Wood County, Ohio.

**GROUND FOUR:**                Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where a person, other that the Petitioner "uttered" forged Release of Liens in Wood County, Ohio

**GROUND FIVE:**                Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him

12

absent of Fair Notice of the Charges that, on his behalf, Pat Kost "uttered" forged Release of Liens in Wood County, Ohio.

**GROUND SIX:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent of sufficient evidence that Pat Kost acted on Petitioner's behalf when she "uttered" forged Release of Liens into Wood County.

**GROUND SEVEN:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent sufficient evidence that forged Release of Liens were "uttered" in Wood County, Ohio.

**GROUND EIGHT:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where an email transmission constitutes the action of "uttering."

**GROUND NINE:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent of sufficient evidence that Petitioner was notified the Release of Lien copy was not proper.

**GROUND TEN:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S.

13

Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the State Court found that Petitioner gained "knowledge" after Pat Kost "uttered" on his behalf.

**GROUND ELEVEN:**            Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence the Clerk of Court received the forged Release of Lien copies in Wood County, Ohio.

**GROUND TWELVE:**            Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that a statutorily prohibited act occurred on March 15, 2012 and March 20, 2012.

**GROUND THIRTEEN:**          Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner sent two emails to Pat Kost from Wood County, Ohio.

**GROUND FOURTEEN**:          Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner had "knowledge" Pat Kost

14

would email forged documents to the Clerk of Court on March 15, 2012.

**GROUND FIFTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that The Release of Lien copies found in the Records possess the additional finding of value of $7,500.00 to $150,000.00.

**GROUND SIXTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner "presented" forged Release of Liens to the Clerk of Court in Wood County, Ohio.

**GROUND SEVENTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of Fair Notice of the Charges that Petitioner "created" false Release of Liens with the knowledge they will be sent to the Clerk of Court in Wood County, Ohio.

**GROUND EIGHTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent sufficient evidence that Petitioner "created" false Release of Liens with the knowledge they will be sent to the Clerk

15

of Court in Wood County, Ohio.

**GROUND NINETEEN:**    Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that the Clerk of Court is located in Wood County, Ohio.

**GROUND TWENTY:**    Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where a person, other than Petitioner, presented forged documents to the Clerk of Court in Wood County, Ohio.

**GROUND TWENTY ONE:**    Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves "purpose to file."

**GROUND TWENTY TWO:**    Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves "purpose to mislead."

**GROUND TWENTY THREE:**    Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in

16

absence of sufficient evidence that proves "purpose to corrupt the outcome of the proceeding."

**GROUND TWENTY FOUR:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves each and every statement of the Bill of Particulars.

**GROUND TWENTY FIVE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the Trial Court gave the jury incomplete venue instructions.

**GROUND TWENTY SIX:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where in absence of sufficient evidence the Prosecutor claims in Closing Argument that he proved Petitioner emailed forged Release of Liens to Pat Kost constitutes Prosecutorial Misconduct.

**GROUND TWENTY SEVEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where in absent (*sic*) sufficient evidence the Prosecutor claims in Closing Argument that it proved Pat Kost notified the Petitioner one of the Release of Liens was

not proper constitutes Prosecutorial Misconduct.

**GROUND TWENTY EIGHT:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the Prosecution told the jury "under Ohio Law it doesn't matter if the Petitioner sent the email from Moscow, Russia" constitutes Prosecutorial Misconduct**.**

**GROUND TWENTY NINE:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the Prosecution misleads the jury that it only has to prove if "any activity occurred in Wood County" constitutes Prosecutorial Misconduct.

**GROUND THIRTY:**  Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the Prosecution instructed the jury not to follow that Trial Court's instruction that it should find the Defendant, and no one else, committed the crimes constitutes Prosecutorial Misconduct.

**GROUND THIRTY ONE:**  Petitioner was denied his 5th, 6th, 9th and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the Prosecution misleads the Trial

18

Court that the evidence in the record proves Pat Kost's office is located in Wood County, Ohio constitutes Prosecutorial Misconduct.

## 1.      *Motion for summary judgment*

On December 21, 2015, Kerr filed a motion for summary judgment.[74]  The State filed an opposition to the motion.[75]  Kerr filed a reply to the opposition.[76]  The court issued a report and recommendation that the motion be denied, without prejudice to a final disposition of the petition on full review.[77]  The assigned District Judge adopted the report and Recommendation on February 29, 2016.[78]

## Analysis

## A.      **Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Kerr is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[79]

---

[74] ECF # 16.

[75] ECF # 17.

[76] ECF # 18.

[77] ECF # 19.

[78] ECF # 21.

[79] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

2.      There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[80]

3.      In addition, Kerr states,[81] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[82]

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that the claims which are not procedurally defaulted have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[83]

5.      Finally, Kerr has not requested the appointment of counsel,[84] but has requested an evidentiary hearing to develop the factual bases of his claims.[85] This motion[86] has been addressed separately.[87]

## B.      Standards of review

## 1.      *AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[88], codified

---

[80] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[81] *See*, ECF # 1 at12.

[82] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[83] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[84] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[85]  28 U.S.C. § 2254(e)(2).

[86] ECF # 20.

[87] ECF # 22.

[88] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

corpus.[89]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect

to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established [f]ederal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the [s]tate court proceeding.[90]

The Supreme Court teaches that this standard for review is indeed both "highly

deferential" to state court determinations,[91] and  "difficult to meet,"[92] thus, preventing

petitioner and federal court alike "from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts."[93]

a.     *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court

holdings and does not include dicta.[94]  In this context, there are two ways that a state court

---

[89]  *See* 28 U.S.C. § 2254 (2012).

[90]  28 U.S.C. § 2254(d) (2012).

[91]  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[92]  *Id.* (citation omitted).

[93]  *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

[94] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S.
362, 412 (2000)).

decision can be "contrary to" clearly established federal law:[95] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[96] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[97]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[98]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[99]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[100]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably

---

[95]  *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[96]  *Id.*

[97]  *Id.*

[98]  *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[99]  *Id.*

[100]  *See id.*

to the facts of the petitioner's case.[101]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[102]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[103]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[104]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.       "Unreasonable determination" of the facts.

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[105]  Under § 2254(e)(1), "a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[106]

---

[101]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[102]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[103]  *Id.*

[104]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[105]  *Brumfield*, 135 S.Ct. at 2277.

[106]  28 U.S.C. § 2254(e)(1) (2012).

23

A federal court may not characterize a state court factual determination as unreasonable "merely because [it] would have reached a different conclusion in the first instance."[107] While such deference to state court determinations does not amount to an "abandonment or abdication of judicial review"or "by definition preclude relief,"[108] it is indeed a difficult standard to meet.  "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review of factual findings and to substitute its own opinions for the determination made on the scene by the trial judges."[109]

## 2.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA review.[110]  Such a claim is subject to procedural default if a petitioner failed to raise it when state court remedies were still available, the petitioner violated a state procedural rule.[111]  The petitioner must afford the state courts "opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[112]  This requires a petitioner to go through "one complete

---

[107]  *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[108]  *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[109] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[110] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[111] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

[112] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

24

round" of the state's appellate review process,[113] presenting his or her claim to "*each appropriate state court.*"[114]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[115]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[116]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[117]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[118]

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[119]

---

[113] *Boerckel*, 526 U.S. at 845.

[114] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[115] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[116] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[117] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[118] *Id.* (citing *Maupin*, 785 F.2d at 138).

[119] *Id.*

25

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[120] that is both 'firmly established and regularly followed.'"[121]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[122]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[123]  In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[124]

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[125]

---

[120] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[121] *Id.* (citation omitted).

[122] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[123] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[124] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

[125] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[126]

### 3.    Noncognizable claims

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[127] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[128] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[129]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[130] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate

---

[126] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[127] 28 U.S.C. § 2254(a).

[128] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[129] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[130] *Estelle*, 502 U.S. at 67-68.

the "fundamental fairness" of a trial.[131] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[132]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[133] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[134] and may not second-guess a state court's interpretation of its own procedural rules.[135]  Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[136] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[137]

**C.    Application of standards**

As the State observes, there are essentially only three claims, or categories of claims, here that were presented through one full round of Ohio's established appellate review

---

[131] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[132] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[133] *Id.*

[134] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[135] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[136] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[137] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

28

procedure and are thus free from procedural default:[138]

- the assertion that the State did not prove venue;[139]

- the claim that there was insufficient evidence that Kerr had uttered any document;[140] and

- the claim that the conviction was against the manifest weight of the evidence.[141]

As such, Grounds Three, Seven, Eleven, Thirteen, Sixteen and Nineteen of the present federal habeas petition raise claims of improper venue and/or failure to prove venue (the Venue claims) and so are not procedurally defaulted.  Similarly, Grounds Two, Four, Six, Nine, Ten, Twelve, Fourteen, Fifteen, Eighteen, Nineteen and Twenty[142] argue some version of insufficiency of the evidence and/or manifest weight (the Sufficiency claims). Accordingly, 16 out of the 31 grounds for relief in the present petition may be seen as presented to the Ohio courts through the direct appeal and so not procedurally defaulted.

To the extent these claims argue that improper venue existed, these Venue claims should be dismissed as stating non-cognizable state law claims.  Similarly, to the extent that

---

[138] Kerr in his traverse accepts the State's decision to group the 31 grounds for relief into 3 categories. ECF # 15 at 3.

[139] *See*, ECF #14 at 7, assignment of error 1 (citing record)(appellate brief); at 8, propositions of law 3, 6 (brief to Ohio Supreme Court).

[140] *See, id.* at 7, assignment of error 2; at 8, propositions of law 2, 4.

[141] *See, id.* at 7, assignment of error 3; at 8, propositions of law 1, 5.

[142] As the State notes, Ground Nineteen may be understood as both a venue argument as well as a challenge to the sufficiency of the evidence, and so it must be considered under both headings. ECF # 14 at 15, fn. 6.

the present claims present merely a manifest weight of the evidence argument, such claims, too, must be dismissed as presenting solely a question of state law.  But, to the degree that collectively the Sufficiency claims raise the issue of the sufficiency of the evidence to support a conviction, I will recommend that the decision of the Ohio appeals court in this regard was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*,[143] and so these claims should be denied.

Further, the remaining 15 grounds for federal habeas relief[144] should be dismissed as procedurally defaulted because they were not fully and fairly presented to the Ohio court during the direct appeal, and Kerr has not excused the defaults by showing cause and prejudice, nor by making a showing of actual innocence.  Kerr concedes in his traverse that 7 claims - Grounds 25-31 - are procedurally defaulted,[145] thus restricting the discussion here to 8 claims.

I will address each category of claims below.

### 1.    *Procedural default*

a.    *Claims One, Five, Eight, Seventeen, Twenty-one, Twenty-two, Twenty-three and Twenty-four*

In his brief to the Ohio Court of Appeals, Kerr raised the following claims related to

---

[143] *Jackson v. Virginia,* 443 U.S. 307 (1979), *overruled on other grounds by Schlup v. Delo*, 513 U.S. 298 (1995).

[144] Grounds One, Five, Eight, Seventeen, Twenty-one, Twenty-two, Twenty-three, Twenty-four, Twenty-five, Twenty-six, Twenty-seven, Twenty-eight, Twenty-nine, Thirty and Thirty-one.

[145] ECF # 15 at 18.

the fifteen grounds in the petition:[146]

1.  The trial court erred in overruling defendant-appellant's motion for judgment of acquittal where there was no evidence presented that defendant-appellant had performed or committed any element of the offenses within the territorial jurisdiction and venue of the trial court.

2.  The trial court erred in overruling defendant-appellant's motion for judgment of acquittal where there was no evidence presented that any document had been uttered by defendant-appellant.

3.  The convictions of defendant-appellant were against the manifest weight of the evidence.

In his memorandum in support of jurisdiction filed with the Ohio Supreme Court, Kerr

set forth the following propositions of law:[147]

1.  Whether that State's failure to prove the statements in the Indictment and the Bill of Particulars is a violation of Due Process Rights to a Fair Trial.

2.  Whether the Courts' acceptance that the language in R.C. 2913.31(A)(3) allows an individual to "utter" a forged writing on behalf of the accused is a violation of Due Process Rights.

3.  Whether the State's failure to prove the accused "made" a document with the intent of using that document in a violation of RC 2921.12 (A)(2) and/or "uttered" writing within the territorial jurisdiction of the trial court is a violation of Due Process Rights.

4.  Whether the court's acceptance that an electronic email containing an attachment constitutes the action of "uttering" in R.C. 2913.31 is a violation of Due Process Rights.

---

[146] ECF # 14-1 at 69.

[147] *Id.* at. 158.

5.      Whether the State's failure to provide evidence that the accused
        was the person who sent an email is a violation of Due Process
        Rights.

6.      Whether the state's failure to prove venue is a violation of Due
        Process Rights.

In Ground One of his petition, Kerr argues that his Due Process and Equal protection

rights were violated because some of the exhibits admitted against him were introduced

without a proper foundation.[148] Plainly, Kerr did not raise any argument related to the

admission of evidence to the state courts.[149] Kerr did not raise the argument in his appeal to

the Ohio Court of Appeals or in his memorandum in support of jurisdiction to the Ohio

Supreme Court.[150] Kerr failed to put the Ohio courts on fair notice of his evidentiary claim

because he failed to raise any argument regarding the admission of evidence in state courts.

Kerr cannot now raise a claim in the state courts as it would be barred by *res judicata*.[151]  As

a result, Kerr has procedurally defaulted Ground One of his petition and his claim should be

dismissed.[152]

In Grounds Five and Seventeen, Kerr alleges that his conviction cannot stand as he was

---

[148] ECF #1-1, at 17.

[149] ECF #14-1 at 65, 157.

[150] *Id.*

[151] *State v. Perry*, 226 N.E.2d 104 (1967).

[152] *Leroy v. Marshall*, 757 F.2d 94 (1985).

not given fair notice of the charges against him.[153]  Plainly, Kerr did not raise any claim related to fair notice in his appellate brief or memorandum in support of jurisdiction.[154]  Indeed Kerr admits in his petition that the claim was not raised at every level.[155]  Kerr states, on those pages of his petition, that the issue arose only after the Court of Appeals' decision was issued. Even if this Court fully credits Kerr's statements as accurate, he failed to raise the claim in the Ohio Supreme Court, thus his excuse is insufficient at best.  Kerr made no reference to fair-notice in his argument to the Supreme Court.[156]  He merely used the phrase fair-notice twice in his explanation of why his case was of significance and not at all in his argument.[157]   A fleeting mention of a phrase does not fairly present the claim to the court.[158]  Kerr failed to properly raise any fair-notice arguments to the Ohio Courts and, he cannot now raise these claims as they would be barred by *res judicata*, the claims are, therefore, procedurally defaulted[159] and  should be dismissed.

---

[153] ECF # 1-1 at 19,  25.

[154] ECF # 14-1 at 65, 157.

[155] ECF #1-1 at 19, 25.

[156] ECF #14-1 at 155.

[157] *Id.*

[158] *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987) (for the proposition that using a generalized catch-all phrase is not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis).

[159] *O'Sullivan v. Boerckel*, 526 U.S. at 847.

33

In Ground Eight, Kerr argues that his Due Process and Equal protection rights were violated because of the state court's determination that the transmission of forged documents by email constitutes "uttering."[160]   Kerr admits that his appellate attorney did not raise this issue on direct appeal.[161]  Kerr did not, therefore, present the claim to every level of the Ohio courts and, he cannot now do so, it is procedurally and should be dismissed.[162]

b.      *Cause and prejudice/ actual innocence*

As the State notes, Kerr has not shown that any objective factor, outside of himself, served as the cause for his failure to fully and fairly present any of the preceding fifteen claims to the Ohio courts through one complete round of the state's established direct appeal process.[163]

In that regard, the State observes that Kerr claims that he asked appellate counsel to raise Ground Eight, but that counsel did not do so.[164]  While ineffective assistance of counsel may serve to excuse a procedural default, such a claim itself must be submitted to the state court and presented through one full round of the state's appeal procedure before it may excuse the default.[165]  Here, Kerr never made such an argument in the Ohio courts, and so it

---

[160] ECF #1-1 at 20.

[161] *Id.*

[162] *Leroy*, 757 F.2d 94.

[163] ECF # 14 at 24.

[164] *Id.* (citing ECF # 1 at 20).

[165] *Edwards v. Carpenter*, 429 U.S. 446, 451-52 (2000).

34

cannot here excuse the default of Ground Eight.

In addition, Kerr's assertion that he did not present Grounds Twenty-one, Twenty-two and Twenty-three to the Ohio courts because he was precluded by the space limitations of the appellate brief,[166] is also insufficient to excuse the default.  The record does not show that Kerr attempted to seek leave from the Ohio court to exceed the page limitations of the brief so as to include additional grounds for relief, nor that Kerr attempted to more concisely state his arguments. Absent either an attempt to seek relief from the page limitation or to frame his claims within the stated limit, Kerr has not shown that he was precluded from asserting these grounds by an objective external factor beyond his control.[167]

That said, Kerr in his traverse does not directly address his failure to raise these claims through one full round of the Ohio appeals procedure, but rather seeks to argue the merits of the defaulted claims, and further seeks to include the defaulted claims among those being addressed on merits.[168] Only with regard to Ground Eight does Kerr contend that because this claim was first asserted as the second proposition of law to the Ohio Supreme Court it is not procedurally defaulted.[169] But, the fact that Kerr initially raised the claim to the Ohio Supreme

---

[166] ECF # 1 at 31.

[167] *See, Seymour v. Walker*, 224 F.3d 522, 551 (6th Cir. 2000).

[168] ECF # 15 at 17-19.

[169] *Id.* at 18.

Court after failing to raise it to the appeals court does not excuse the default.[170]

As noted, Kerr has conceded that 7 of the claims are procedurally defaulted, and so has waived any argument to the contrary. Moreover, as to the remaining 8 claims, I recommend finding that Kerr did not present these claims through one complete round of Ohio's established appeals procedure, and that he has not excused that failure by showing cause for that deficiency or prejudice to this petition by not addressing the defaulted claims. In addition, Kerr has not shown actual innocence by new, reliable evidence not available at trial.

Therefore, upon review of the fifteen procedurally defaulted claims specifically identified above in light of the applicable law and of Kerr's treatment of those claims described earlier, I recommend that these claims be here dismissed as procedurally defaulted for the reasons stated.

**2.     *Non-cognizable state law claims***

As noted above, the non-cognizable claims in the present petition are both the Venue claims, and the aspects or elements of the Sufficiency claims that also raise the issue of manifest weight of the evidence.

First, I note that to the extent that a stand-alone manifest weight of the evidence claim is raised, that issue is a non-cognizable claim of state law. But, as was recognized by the Sixth Circuit, a finding by an Ohio court that a conviction is supported by the manifest weight

---

[170] *See, Smith v. Anderson*, 104 F.Supp.2d 773, 799 (S.D. Ohio 2000)(citation omitted). "[T]he Ohio Supreme Court will not consider federal constitutional claims that have not been initially presented to the court of appeals."

36

of the evidence claim "necessarily implies" that conviction was supported by sufficient evidence - which claim is cognizable in a federal habeas proceeding.[171] Thus, because the Ohio appeals court here found that the convictions were supported by the manifest weight of the evidence, and so "necessarily implied" that they also were supported by substantial evidence, I recommend that the manifest weight of the evidence elements of the Sufficiency claims be denied as non-cognizable insofar as they are viewed as stating purely a stand-alone manifest weight argument, but also be considered below in the merits discussion of all Sufficiency claims.

Next, as to the Venue claims, I recommend that all claims of improper venue in Grounds Three, Seven, Eleven, Thirteen, Sixteen and Nineteen be dismissed as non-cognizable. Kerr's argument here is that the Ohio Constitution[172] and Ohio statutes[173] require the "prosecution to establish venue with sufficient evidence that the accused committed the offense, or any element thereof, within Wood County, Ohio.[174] Kerr maintains that venue in this sense is simply another element of the crime which must be proven with sufficient

---

[171] *Nash v. Eberlin*, 258 Fed. App'x 761, 765 (6th Cir. 2007). I take this occasion once again to emphasize that *Nash* must not be understood as deny or eliminating the distinction between a manifest weight of the evidence claim and one raising the sufficiency of the evidence. *Freeman v. Sloan*, 2015 WL 11120969, at *9 fn.104 (N.D. Ohio March 20, 2015).

[172] Article I, Section 10.

[173] Ohio Rev. Code 2901.12(A),(I).

[174] ECF # 15 at 12.

evidence, and so is cognizable in a federal habeas proceeding.[175]

In this regard, I initially observe that Kerr never presented his venue argument to the Ohio appeals court as a federal due process question, but solely as a matter of state law.[176] Further, in that brief to the state appeals court Kerr explicitly quotes the Supreme Court of Ohio in *State v. Draggo*[177] as stating that "[v]enue is not a material element of any offense charged. The elements of the offense charged and the venue of the matter are separate and distinct."[178]

Here, the Ohio appeals court considered the arguments as to venue and concluded that because Kerr intended that his forgeries would cause liens to be lifted in Wood County, all his actions, wherever committed, were part of the same criminal conduct and so established venue in Wood County.[179]  The appeals court cited Ohio law which holds that venue is proper in any county where some part of the chain of events in the criminal conduct occurred[180]  It also noted that Ohio courts have "broad discretion" in determining that facts that establish venue.[181]

I observe first that the Supreme Court has never held that the Fourteenth Amendment

---

[175] *Id*. at 13.

[176] ECF # 14, Attachment at 72-77.

[177] *State v. Draggo*, 65 Ohio St. 2d 88 (1981).

[178] ECF # 14, Attachment at 79 (quoting *Draggo*).

[179] *Id.* at 132-34.

[180] *Id*. at 131-32 (citations omitted).

[181] *Id*. at 133 (citation omitted).

extended to the states the Sixth Amendment's guarantee that an accused be tried in the state and district where the crime was committed.[182]  Thus, the Venue claims here are non-cognizable claims solely involving state law.[183]

Even if Kerr is here understood as raising a general due process claim, this Court must first defer to the Ohio appellate court's determination of the Ohio law regarding venue, and then review the decision only as to whether it denied Kerr fundamental fairness.[184]  In that regard, the Ohio appeals court extensively reviewed the evidence at trial in light of the venue requirements of Ohio law before concluding that venue was sufficiently established in Wood County where the liens that were the object of the course of conduct at issue were filed. Viewing that decision in light of the deference due to the factual findings of the Ohio appeals court, as well as the deference due to its conclusions as to Ohio law, I recommend finding no violation of fundamental fairness in the decision of the Ohio court.

Therefore, for the reasons stated, I recommend that the Venue claims - Grounds Three, Seven, Eleven, Thirteen, Sixteen and Nineteen - be dismissed as non-cognizable claims of state law.

### 3. *Sufficiency of the evidence*

The standard of review for evaluating claims of insufficient evidence is well-known:

---

[182] *Caudill v. Scott*, 857 F.2d 344, 345 (6th Cir. 1988); *Keeton v. Bradshaw*, 2006 WL 2612899, at *14 (N.D. Ohio Sept. 8, 2006)(citing *Caudill*).

[183] *Kruse v. Moore*, 2008 WL 1744765, at * 7 (N.D. Ohio April 11, 2008).

[184] *Keeton*, 2006 WL 2612899, at *14 (citations omitted).

Despite the general prohibition against federal habeas corpus review of issues of state law,[185] a claim that a petitioner was convicted with insufficient evidence is cognizable under 28 U.S.C. § 2254[186] because the Due Process Clause of the Fourteenth Amendment "forbids a State from convicting a person of a crime without proving the elements of that crime beyond a reasonable doubt."[187]

In that regard, the United States Supreme Court teaches that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[188]  This standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to the ultimate fact.[189]

Moreover, in addressing an argument about the sufficiency of the evidence, it must be remembered that an attack on the credibility of a witness is simply a challenge to the quality

---

[185] *See*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[186] *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006).

[187] *Fiore v. White*, 531 U.S. 225, 228-29 (2001).

[188] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

[189] *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

40

of the prosecution's evidence, and not to its sufficiency.[190]  Further, as the Sixth Circuit has stated, the review for sufficiency of the evidence must be viewed as containing two levels of deference toward the state decision: first, the deference set forth in *Jackson*, whereby the evidence is to be viewed most favorably to the prosecution, and next, "even if [the court] to conclude that a rational trier of fact could not have found the petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as that is not unreasonable."[191]  Here, the state appeals court extensively reviewed Kerr's arguments that there was insufficient evidence to convict him, together with arguments that the decision to convict was against the manifest weight of the evidence, detailing both the elements of the various offenses which Kerr was convicted on violating as well as setting forth the evidence adduced at trial.  The Ohio court's decision itself is entitled to deference from this Court under AEDPA, and further, when a jury verdict is involved, the federal habeas court may set aside a jury's verdict only if it finds that no rational trier of fact could have agreed with the jury's findings.[192]  This means that sufficiency of the evidence claims "face a high bar in federal habeas proceedings because they are subject to two levels of judicial deference."[193]  Moreover, and as noted earlier, the factual findings of the state

---

[190] *Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002).

[191] *Moreland v. Bradshaw*, 699 F.3d 908, 916-17 (6th Cir. 2012) (citations omitted).

[192] *Coleman v. Johnson*, __ U.S. __, 132 S.Ct. 1260, 2062 (2012).

[193] *Id.*

court are presumed correct by the federal habeas court.[194]

That said, the Ohio appeals court assessed the insufficiency of the evidence claims[195] by initially re-stating Ohio's version of the *Jackson* standard contained in *State v. Jenks*,[196] which provides that the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.[197] The court found:

> {¶21} The forgery stature, R.C. 2913.31, reads in relevant part:
>
> (A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
>
> * * *

---

[194] To that end, I note that Kerr frequently argues in his traverse that the State "failed to provide a factual argument against the Petitioner's allegations," which he alleges are "supported by the record." *See, e.g.*,ECF # 15 at 13. This fundamentally misunderstands the federal habeas process where the facts found by the state appeals court are presumed correct, and the issue as regards federal constitutional claims decided on the merits is whether that state court decision was either an unreasonable application of clearly established federal law or was contrary to such law. Thus, the focus is solely on that decision under the rubric stated, without any *de novo* review of the record by either the State or the federal court.

[195] The court did the assessment in the context of reviewing Kerr's challenge to the trial court's denial of a Ohio Crim. Rule 29(A) motion to acquit. As the court noted, the standard of review in that context is the same as for reviewing sufficiency of the evidence. ECF # 14, Attachment at 130.

[196] *State v. Jenks*, 61 Ohio St. 3d 259 (1991)(paragraph 2 of the syllabus, citing *Jackson*). (superseded on other grounds by Constitutional Amendment as stated in *State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997)).  This paragraph of the syllabus explicitly cites *Jackson* and indicates that its standard for determining sufficiency of the evidence is followed in Ohio.

[197] ECF # 14, Attachment at 130.

(3) Utter, or possess with purpose to utter, any writing that the person knows to be forged.

{¶22} As used in the forgery statute, the term "utter" means "to issue, publish, transfer, use, put or send into circulation, deliver, or display." R.C. 2913.01(H).

{¶23} The evidence presented at the trial below was clear. Appellant forged documents in an attempt to obtain releases of liens that had been filed against him in Wood County. He then transferred, delivered and/or sent into circulation those documents by emailing them to the title agent in an attempt to establish that the liens had been lifted. The title agent submitted the releases to Wood County Clerk of Courts to determine if they were proper as to form. When appellant was notified that one of the releases was not proper, he was aware that they had been "uttered" on his behalf in Wood County. With this knowledge, he forged a fourth release, including the notary signature and seal of a notary in Wood County, and emailed it to the title agent knowing it too would be submitted to Wood County for approval. Thus, he "uttered" it as well. Appellant's actions were part of a course of criminal conduct involving the same type of victim (his creditors), were committed in furtherance of the same purpose (the elimination of judgment liens against him in Wood County), and with the same modus operandi. Accordingly, venue in Wood County was proper as to the forgery charges.

{¶24} Appellant further asserts that the lower court erred in failing to grant his motion for acquittal on the forgery charges because there was no evidence that appellant presented or uttered an original document. That is, Appellant contends that because purported releases were basically cut and paste jobs that the Wood County Clerk of Court would not have filed, they are not forgeries as term is used in the statute.

{¶25} As stated above, the forgery statute provides that "no person, with purpose to defraud, * * * shall * * * utter, or possess with purpose to utter, or possess with purpose to utter, any writing that the person knows to have been forged." R.C.2913.31(A)(3). A "writing" for purpose of forgery statute means "any computer software, document, letter, memorandum,

note, paper, plate, data, film, or other thing having in or upon it any written, typewritten, or printed matter, and any token, stamp, seal, credit card, badge, trademark, label, or other symbol of value, right, privilege, license or identification." R.C. 2913.01(F).  To "forge" means "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct." R.C. 2913.01(G).

{¶26} The evidence presented at the trial below established that appellant created writings as defined by R.C. 2913.01(F), and transferred them with the purpose to defraud.  In addition, the writings were clearly forgeries as defined by R.C. 2913.01(G). The statute does not require that appellant succeed in his attempt to defraud.  It simply requires that it was his purpose to defraud. The lower court properly denied the motion for acquittal of the forgery charges.

{¶27} With regard to the tampering charges, appellant was charged with four counts in violation of R.C. 2921.12 (A)(2), which reads:

> (A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
>
> * * *
>
> (2) Make, present, or use any record, document, or thing, knowing it to be false and with purpose to mislead a public official who is or may be engaged in such proceedings or investigation, or with purpose to corrupt the outcome of any such proceedings or investigation.

{¶28} The evidence was clear that appellant knew several official proceedings against him were in progress in Wood County.  In mid-March he entered the Wood County Clerk of Court's office and inquired about the then existing liens against him.  With that knowledge, appellant created false documents with the purpose to mislead a public official, the Wood County

44

Clerk of Courts, and corrupt the outcome of those Wood County proceedings. The lower court did not err in finding Wood County to be a proper venue for the prosecution of those offenses and in denying the motion for acquittal.[198]

Upon review of these findings under the applicable standards, and after according appropriate deference to the jury's decision and to the conclusions of the Ohio appellate court, as well as upon accepting that the foundational facts are true, I recommend finding that the appellate court's decision was not an unreasonable application of the clearly established law of *Jackson*. Thus, I further recommend that the Sufficiency of the evidence claims, whether stated as such or initially as claims contending that the verdict was against the manifest weight of the evidence, be here denied for the reasons stated.

## Conclusion

For the foregoing reasons, I recommend that the petition of Jeremy Kerr for a writ of habeas corpus be dismissed in part and denied in part as is set forth above.


Dated: December 29, 2016                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[199]

---

[198] ECF # 14, Attachment at 133-35.

[199] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).