**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEREMY KERR,** | ) | **CASE NO. 3:15CV2006** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **NEIL TURNER,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Jeremy Kerr's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses in part, and denies in part, Petitioner's Petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

The Wood County Grand Jury issued an Indictment during its May 2012 term charging Petitioner with four counts of Forgery and four counts of Tampering With Evidence. The case proceeded to trial and the jury found Petitioner guilty as charged. On June 10, 2013, the court sentenced Petitioner to an aggregate sentence of seven years and eights months in prison. Petitioner was also fined $10,000.00, ordered to make restitution and pay court costs.

Petitioner filed a Notice of Appeal with the Sixth District Court of Appeals. On December 12, 2014, the Court of Appeals affirmed the judgment of the trial court. On February 11, 2015, Petitioner filed a Motion for Leave for Reconsideration. The Court of Appeals denied Petitioner's Motion for Leave for Reconsideration as untimely. On January 23, 2015, Petitioner filed a Notice of Appeal with the Ohio Supreme Court. On May 20, 2015, the Ohio Supreme Court declined to accept jurisdiction of the Appeal.

On September 28, 2015, Petitioner filed the instant Petition asserting thirty-one grounds for relief. On October 6, 2015, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On December 21, 2015, Petitioner filed a Motion for Summary Judgment. The Magistrate Judge issued a Report and Recommendation that the Motion be denied without prejudice to a final disposition of the Petition on full review. The Court adopted the Report and Recommendation on February 29, 2016. The Magistrate Judge issued his Report and Recommendation on the instant Petition on December 29, 2016. On January 25, 2017, Petitioner filed an Opposition to Review and Recommendation.

**STANDARD OF REVIEW**

2

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

The Magistrate Judge correctly summarized that there are only three categories of claims that were free from procedural default: issues pertaining to venue, insufficient evidence and manifest weight of the evidence. Grounds Three, Seven, Eleven, Thirteen, Sixteen and Nineteen raise claims of improper venue and/or failure to prove

3

venue and are not procedurally defaulted. These are referred to as the Venue Claims
and they are listed as follows:

> **GROUND THREE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner "uttered" forged Release of Liens in Wood County, Ohio.
>
> **GROUND SEVEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent sufficient evidence that forged Release of Liens were "uttered" in Wood County, Ohio.
>
> **GROUND ELEVEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence the Clerk of Court received the forged Release of Lien copies in Wood County, Ohio.
>
> **GROUND THIRTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner sent two emails to Pat Kost from Wood County, Ohio.
>
> **GROUND SIXTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner "presented" forged Release of Liens to the Clerk of Court in Wood County, Ohio.
>
> **GROUND NINETEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that the Clerk of Court is located in Wood County, Ohio.

Grounds Two, Four, Six, Nine, Ten, Twelve, Fourteen, Fifteen, Eighteen, Nineteen and Twenty argue some version of insufficiency of the evidence and/or manifest weight. These are referred to as the Sufficiency Claims. Ground Nineteen could be a venue

4

challenge or sufficiency challenge. They are outlined as follows:

**GROUND TWO:** Petitioner was denied his 5th, 6th, 9th and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the improper inference that State Exhibits 1-E and 1-G proves Petitioner composed and sent two emails to Pat Kost that contained forged release of liens.

**GROUND FOUR:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where a person, other than Petitioner, "uttered" forged Release of Liens in Wood County, Ohio.

**GROUND SIX:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent of sufficient evidence that Pat Kost acted on Petitioner's behalf when she "uttered" forged Release of Liens into Wood County.

**GROUND NINE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent of sufficient evidence that Petitioner was notified the Release of Lien copy was not proper.

**GROUND TEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where the State Court found that Petitioner gained "knowledge" after Pat Kost "uttered" on his behalf.

**GROUND TWELVE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that a statutorily prohibited act occurred on March 15, 2012 and March 20, 2012.

**GROUND FOURTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that Petitioner had "knowledge" Pat Kost would email forged documents to the Clerk of Court on March 15, 2012.

**GROUND FIFTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that The Release of Lien copies found in the Records

5

possess the additional finding of value of $7,500.00 to $150,000.00.

**GROUND EIGHTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent sufficient evidence that Petitioner "created" false Release of Liens with the knowledge they will be sent to the Clerk of Court in Wood County, Ohio.

**GROUND NINETEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that the Clerk of Court is located in Wood County, Ohio.

**GROUND TWENTY:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where a person, other than Petitioner, presented forged documents to the Clerk of Court in Wood County, Ohio.

The Magistrate Judge determined that the Venue claims are non-cognizable state law claims. The Court agrees with the Magistrate Judge that Petitioner has failed to state a claim upon which federal habeas relief may be granted. A federal court may issue a writ of habeas corpus only when a conviction violates the Constitution, laws or treaties of the United States. 28 U.S.C. §§ 2241, 2254; *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of

the facts in light of the evidence presented in the [s]tate court proceeding.

28 U.S.C. § 2254(d) (2012).

Here, Petitioner argues that the state failed to prove venue. The Court finds that there is no clearly established federal law controlling or limiting a state court's venue determination. Therefore, Petitioner's Venue claims are not cognizable in habeas corpus and are dismissed.

Similarly, Petitioner's claims that his conviction was against the manifest weight of the evidence is not cognizable in habeas corpus. Respondent points out that arguing that a conviction is against the manifest weight of the evidence under state law is not enough to raise a federal constitutional issue because the federal standard does not correspond to the state evidentiary standard. *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982); *State v. Thompkins*, 78 Ohio St. 3d 380, 386, 389 (1997) (finding that sufficiency of the evidence and weight of the evidence are not synonymous legal concepts, but rather are both quantitatively and qualitatively different). As to the sufficiency of the evidence claims, the Court agrees with the Magistrate Judge that the Court of Appeals denial of those claims was reasonable.

The standard of review that the United States Supreme Court teaches for evaluating claims of insufficient evidence is that substantial evidence supports a conviction if, after viewing the evidence in the light most favorable to the prosecution, the reviewing court can conclude that any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The Ohio Court of Appeals thoroughly assessed the claims applying the standard contained in *State v. Jenks*, 61 Ohio St. 3d 259 (1991) which is Ohio's version of the *Jackson* standard.

In Petitioner's Opposition, he contends that business records were improperly

7

admitted as evidence at trial. Petitioner's argument is meritless. The Court agrees with the Magistrate Judge that the *Jackson* standard does not permit the federal habeas court to make its own *de novo* determination of guilt or innocence; rather, it gives full play to the responsibility of the trier of fact to resolve conflicts in testimony, weigh the evidence and draw reasonable inferences from basic facts to the ultimate fact. *Herrera v. Collins*, 506 U.S. 390, 401-02 (1993).

The Magistrate Judge reviewed the applicable standards, accorded appropriate deference to the jury's decision and concluded that the Court of Appeals decision was not an unreasonable application of the clearly established law of *Jackson*. The Court agrees that the Sufficiency of the Evidence claims as stated as such, or as claims contending that the verdict was against the manifest weight of the evidence, are without merit and denied.

The Magistrate Judge concluded that the remaining fifteen Grounds are procedurally defaulted. Petitioner concedes in his Traverse that Grounds Twenty-Five to Thirty-One are procedurally defaulted. The following eight Grounds remain:

> **GROUND ONE:** Petitioner was denied his 5th, 6th, 9th and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the admittance of State Exhibits 1-E and 1-G in absence of an adequate foundation for admissibility under Evid.R. 803(6).
>
> **GROUND FIVE:** Petitioner was denied his 5th, 6th, 9th,and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him absent of Fair Notice of the Charges that, on his behalf, Pat Kost "uttered" forged Release of Liens in Wood County, Ohio.
>
> **GROUND EIGHT:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him where an email transmission constitutes the action of "uttering."

8

**GROUND SEVENTEEN:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of Fair Notice of the Charges that Petitioner "created" false Release of Liens with the knowledge they will be sent to the Clerk of Court in Wood County, Ohio.

**GROUND TWENTY ONE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves "purpose to file."

**GROUND TWENTY TWO:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves "purpose to mislead."

**GROUND TWENTY THREE:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves "purpose to corrupt the outcome of the proceeding."

**GROUND TWENTY FOUR:** Petitioner was denied his 5th, 6th, 9th, and 14th Amendment to the U.S. Constitution Right to Due Process and Equal Protection of the Law by the Entry of Judgment of Conviction against him in absence of sufficient evidence that proves each and every statement of the Bill of Particulars.

The Magistrate Judge correctly concluded that these Grounds are procedurally defaulted because Petitioner failed to raise these claims on direct appeal. A claim not adjudicated on the merits by a state court is not subject to AEDPA review. *See Harrington v. Richter*, 562 U.S. 86, 98 (2011). If, after a failure to properly present a claim, a habeas petitioner can no longer present that claim to the state court, the petitioner also waives the claim for purposes of federal habeas review unless he can demonstrate cause for the failure and actual prejudice resulting from the alleged

constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

The Court agrees with the Magistrate Judge that Petitioner did not present these claims through one complete round of Ohio's established appeals procedure, has not excused that failure by showing cause for that deficiency or prejudice to this Petition and has not shown actual innocence by new, reliable evidence not available at trial. The Court finds that these claims are dismissed as procedurally defaulted.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, dismisses in part and denies in part, Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

**Date:4/10/2017**

**s/Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**